**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-09-1145-PHX-GMS (LOA) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Martell C. Ryan, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter arises on the Government's Motion for Reconsideration and Motion To Modify Order of Magistrate Judge Anderson, filed on September 18, 2009. (docket # 53) The Government requests this Magistrate Judge reconsider his on-the-record findings that (1) the Government failed to prove by clear and convincing evidence that Defendant Martell C. Ryan is a danger to the community if he were released even though Defendant is detained as a serious flight risk, and (2) that Special Agent Richard Zayas ("Zayas") was not credible when he testified that Defendant pointed a handgun at him on September 1, 2009. (*Id.* at 1) The Court deems a response by Defendant to the Government's Motion is unnecessary. LRCrim 12.1 and LRCiv 7.2(g)(2). After denying the Government's oral motion to reopen in open court subsequent to its ruling, the Court will also deny the Government's Motion for Reconsideration.

## **BACKGROUND**

This case is similar to a handful of others filed by the U.S. Attorney's Office

since May, 2009, recently made public on September 23, 2009 in the *Arizona Republic*, the State's largest circulation newspaper. Typically, an undercover Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") agent, in this case Special Agent Zayas, poses as a disgruntled drug courier and targets allegedly violent home invasion crews in Phoenix to plan an armed robbery of multiple kilograms of fictitious cocaine from a fictitious stash house and its fictitious armed guards. (docket # 1) An important part of the sting operation is that the undercover agent and defendants agree to divide the drugs amongst themselves after the home invasion and armed robbery in order for the Government to purportedly meet the intent-to-distribute element of the conspiracy offense. Many of the defendants in this particular sting operation were arrested prior to any residential entry at an agreed-upon parking lot located near the intersection of 43rd Avenue and Glen Rosa Avenue, Phoenix, Arizona. (*Id*. at 7)

On September 8, 2009, a federal grand jury returned an indictment against Defendant, age 18, and ten others, charging them with Conspiracy to Possess with the Intent to Distribute a Controlled Substance, to wit: Cocaine (Count One), in violation of Title 21, U.S.C. § 846, and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense (Count Two), in violation of 18, U.S.C. § 924(c). (docket # 30) Defendant's detention hearing commenced on September 10, 2009 but was continued to September 15, 2009 for the sole purpose for the Government to demonstrate the reliability of the prosecutor's initial equivocal proffer that Defendant pointed a firearm at Zayas before Defendant knew Zayas was the disgruntled drug courier who was organizing and planning the home invasion with the other defendants. (docket # 55 at 21, 26; transcript of September 10, 2009 detention hearing).

At the September 15, 2009 hearing, the Government called Zayas to testify. He testified that when he approached the car, Defendant was seated in the back seat. At this point, they had not been introduced. Zayas testified:

> [A]s I approached that door, I observed [Defendant Ryan] wearing gloves. As I looked at the defendant, I observed that he had a gun in his hand that was gloved *pointed at my direction*, and I also observed [a]

- 2 -

> dark-colored ski mask on his lap. . . .
>
> I'm walking toward the crack of the door, because the door is cracked, and as I approached him he told me, "Back the [f___] off." At that point, based upon what I was observing, my reaction is my hands came up and I began to try to talk my way out of it.

(docket # 56 at 5-6; transcript of September 15, 2009) (emphasis added).

Upon defense counsel's aggressive cross examination, Zayas acknowledged that his official report, written "an hour to two hours after the event," does *not* indicate Defendant pointed the handgun at him. Significantly, it simply "states that [Defendant] was wearing gloves and he was in possession of a firearm." (*Id*. at 9-10) Zayas did not think it was "necessary" to put that information, Defendant pointing a handgun at him at close range, in his report because "[t]here's video accompanying [his] report." (*Id*. at 10) Although the Complaint was not written by Zayas, but by another ATF Agent who should have spoken with Zayas prior to submitting it to the magistrate judge for approval, the Complaint's Statement of Probable Cause also does not indicate that Defendant pointed a handgun at Zayas. (docket # 1)

At the conclusion of the hearing, the Court issued oral and written orders, detaining Defendant as a serious flight risk but denying the Government's request that Defendant also be detained as a danger to the community because the Government failed to present sufficient evidence of a clear and convincing nature to meet its burden. (docket # 52) Specifically, the Court stated in open court on September 15, 2009:

> First of all, the Court finds that by virtue of the grand jury's indictment of Mr. Ryan and others for Count 1 and Count 2 a rebuttable presumption arises that Mr. Ryan is a danger to the community and a serious flight risk.
>
> In learning more about this young man, I see that he is a citizen of the United States, that he does have family here in the Phoenix community, and he has been a resident of Phoenix his whole life. He was born here. There are no indications in his criminal history of committing crimes of violence.
>
> I find that the presumption of detention has been rebutted and that this rebuttable presumption will simply be another factor for the Court to consider, and without the rebuttable presumption the Court -- strike that -- the Government must prove by clear and convincing evidence

| | |
|---|---|
| 1 | that Mr. Ryan is a danger to the community. |
| 2 3 | Without being duplicative, there's nothing in his [juvenile] record to indicate to me that he is a danger [i.e., no convictions for crimes of violence]. |
| 4 5 6 7 | And I agree with defense counsel that if someone were to point a gun at me that would be an issue that would be known by everybody that investigated the case. I do not find that Special Agent Zayas is credible on this issue. However, the possession of a firearm seems to be unrebutted. Nevertheless, [Defendant] is not a prohibited possessor with his record. |
| 8 | I find that the Government has failed to prove by clear and convincing evidence that Mr. Ryan is a danger to the community. |

(docket # 56 at 16-17; transcript of September 15, 2009)

## **MOTION TO RECONSIDER**

Generally, a motion to reconsider must provide a valid ground for reconsideration by showing two elements. *All Hawaii Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648-49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (1988). First, it must demonstrate some valid reason why the district court should reconsider its prior decision. *Id*. Second, it must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Id*. "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice." *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986) (citing generally C. Wright, A. Miller & E. Cooper, 18 *Federal Practice and Procedure*, § 4478 at 790 (1982)), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987); *Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir.1995) (applying similar factors in following the law-of-the-case doctrine), *cert. denied*, 516 U.S. 1029 (1995); *Kennedy v. Lubar*, 273 F.3d 1293, 1299 n. 6 (10th Cir. 2001).

Local Rule of Civil Procedure 7.2(g)(1), applicable to criminal cases *via* LRCrim 12.1, establishes that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority

that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Simply stated, a motion for reconsideration "cannot be used as a vehicle to introduce new evidence that should have been set forth during the pendency of the prior motion or could have been discovered in the exercise of due diligence." *Brown v. J.F.H. Mak Trucking*, 1999 WL 1057274, at * 1 (E.D.N .Y.). "Nor may the party merely reiterate or repackage an argument previously rejected by the court; that argument is for appeal."[1] *PAB Aviation, Inc. v. United States*, 2000 WL 1240196 at * 1 (E.D.N.Y. 2000).

The rationale for the rule not allowing reconsideration of facts or evidence that were available at the first hearing but not presented is discussed in *United States v. Flores*, 856 F. Supp. 1400 (E.D.Cal. 1994):

> There are very few proceedings in federal practice which encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held. Generally, reconsideration of a decided matter based on the presentation of additional evidence requires good cause for the failure to present that evidence initially. See, e.g., Fed.R.Civ.P. 60(b); *United States v. Oliver*, 683 F.2d 224 (7th Cir.1982) (failure to exercise diligence in locating witnesses before criminal trial precludes new trial based on newly discovered evidence). A rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice.

856 F. Supp. at 1406.

## **DISCUSSION**

All of the evidence the Government now requests that the Court consider was available and could have been presented at the September 15, 2009 hearing but, for whatever reason, the Government voluntarily chose not to present it. The Government clearly knew the *sole* focus of the September 15, 2009 hearing would be Zayas' credibility and reliability on whether Defendant pointed the handgun at him. (docket # 55 at 26-27) Nevertheless, the

---

[1] The Government does not likely seek *de novo* review of the detention orders entered on Defendant because 18 U.S.C. § 3145(b)'s express language does not provide the Government with standing to appeal the detention issues because Defendant was ordered detained as a serious flight risk. (docket # 52)

Court has reviewed the DVD video clips, submitted with the Government's Motion for Reconsideration, to preliminarily assess whether Defendant should file a response and whether the Court committed "manifest error" in finding that the Government failed to meet its burden by clear and convincing evidence that Defendant is a danger to the community. Surprisingly, the DVD video does *not* show Defendant pointing or even holding a firearm. Although Defendant can barely be seen seated in the back seat of the car, he is obscured by Zayas who appears to stand between the undercover camera and Defendant. The video shows, however, that Zayas raised his hands to communicate to Defendant that Zayas was not armed. However, the video does not bolster Zayas' reliability on the disputed issue - that Defendant pointed a firearm at Zayas- because it is also reasonable to believe Zayas raised his hands when Defendant merely brandished the firearm to show Zayas he was armed. Contrary to LRCiv 7.2(g)(1), the Government's Motion for Reconsideration is simply a repeat of its unsuccessful oral argument in support of its arguments at the detention hearing that Defendant is a danger to the community. LRCiv 7.2(g)(1) ("[N]o motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.").

Accordingly,

**IT IS ORDERED** that Government's Motion for Reconsideration and Motion To Modify Order of Magistrate Judge Anderson, docket # 53, is **DENIED**.

DATED this 24th day of September, 2009.

_____
Lawrence O. Anderson
United States Magistrate Judge